UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES, | CASE NO. 5:18-cr-00647 |
| Plaintiff, | OPINION & ORDER |
| | [Resolving Doc. 32] |
| v. | |
| DEMOND C. SMART, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In January 2019, Defendant Demond C. Smart pled guilty to one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1]  *Pro se* Defendant Smart now moves to vacate his conviction and sentence under 28 U.S.C. § 2255.[2]  The Government opposes Smart's request.[3]

Defendant Smart argues his conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which required the government to prove that a defendant knew he belonged to the relevant category of persons barred from possessing a firearm under 18 U.S.C. § 922(g).[4]

With this decision, this Court decides whether *Rehaif v. United States* applies retroactively to cases on collateral review.  To decide retroactivity, the Court applies the standard set forth in *Teague v. Lane* and its progeny.

The Court also decides whether this claim is procedurally defaulted.

---

[1] Docs. 7; 12.
[2] Doc. 32; 28 U.S.C. § 2255.
[3] Doc. 34.
[4] Doc. 32.

Case No. 5:18-cr-00647
GWIN, J.

For the following reasons, the Court **DENIES** Defendant's 28 U.S.C. § 2255 motion.

I. Background

In January 2019, Defendant pled guilty without a plea agreement to one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[5] On April 25, 2019, this Court sentenced Defendant to 76 months imprisonment followed by 3 years of supervised release.[6] The Court also revoked Defendant's supervised release on two previous cases and sentenced Defendant to an additional 7 months in prison, totaling 83 months imprisonment.[7]

Defendant appealed his sentence, raising two arguments.[8] First, he challenged the sentence as substantively unreasonable because it was higher than necessary, and procedurally unreasonable because this Court did not consider all mitigating factors. Second, Defendant argued that this Court erred in ordering his sentence on revocation of supervised release to run consecutively to the § 922(g)(1) sentence.

The Sixth Circuit affirmed this Court's decision with respect to Defendant's first claim.[9] The Sixth Circuit dismissed his second claim for lack of jurisdiction because Defendant failed to appeal the sentences imposed on the supervised release cases.[10]

Defendant now files a motion pursuant to 28 U.S.C. § 2255 alleging that his conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which required the government to prove that a defendant knew he belonged to the relevant category of

---

[5] Docs. 7; 12.
[6] Doc. 18.
[7] Doc. 17.
[8] Brief of Appellant, United States v. Smart, No. 19-3441 (6th Cir. Sept. 20, 2019).
[9] Doc. 30.
[10] *Id.*

- 2 -

Case No. 5:18-cr-00647
GWIN, J.

persons barred from possessing a firearm under 18 U.S.C. § 922(g).[11] First, Defendant argues the indictment was defective because it did not allege that he knew he was a convicted felon. Second, he argues there was insufficient evidence to convict him because the government did not present evidence at trial that he knew he was a convicted felon at the time he possessed the firearm. Third, he argues his Sixth Amendment right to have a complete verdict on every element of the offense was violated because the jury was not instructed that he had to have known he was a convicted felon at the time he possessed the firearm.[12]

The United States opposes the § 2255 motion.[13] The United States argues that the rule in *Rehaif* is not retroactive, Defendant Smart procedurally defaulted his claim under *Rehaif* by failing to raise the issue on direct appeal, and Defendant's claim fails on the merits.

## II. Legal Standard

A federal prisoner may collaterally attack their conviction or sentence by filing a § 2255 motion to vacate, set aside, or correct their sentence. A § 2255 motion must establish by a preponderance of the evidence: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[14]

We construe pro se pleadings liberally and hold pro se pleadings to less stringent standards than counsel-drafted pleadings.[15]

---

[11] Doc. 32.
[12] In his motion, Defendant references the government's failure to present evidence at trial and the Court's failure to instruct the jury. These references are inapplicable to Defendant's case. Defendant pled guilty.
[13] Doc. 34.
[14] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (internal citations omitted).
[15] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (internal citations omitted).

Case No. 5:18-cr-00647
GWIN, J.

### III. Discussion

#### A. *Rehaif v. United States* Does Not Apply Retroactively to Cases on Collateral Review.

We apply intervening law changes retroactively to cases on federal collateral review only when it constitutes a new substantive rule.[16] "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes."[17] "This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish."[18]

After *Rehaif v. United States*, to be convicted under 18 U.S.C. § 922(g)(1) an individual must know not only that they possessed the firearm, but also that they had been convicted of a felony.[19] Defendant Smart argues this decision announced a new substantive rule retroactively applicable on collateral review.[20] The Court disagrees.

*Rehaif* does not place certain conduct outside the power of the state to punish and therefore it did not announce a new substantive rule.[21] "[P]ossession of a firearm by a person convicted of a felony was illegal both before and after *Rehaif* was decided."[22] The only change—what the Government must prove—is procedural.[23]

Therefore, Defendant Smart's claim that *Rehaif* applies retroactively fails.

#### B. Defendant Smart's Claim is Procedurally Defaulted.

Generally, where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may only be raised in a § 2255 motion if the defendant

---

[16] *See Teague v. Lane*, 489 U.S. 288, 307 (1989); *Edwards v. Vannoy*, 141 S. Ct. 1547, 1560 (2021).
[17] *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (internal citations omitted).
[18] *Id.* at 351–52 (internal citations omitted).
[19] 18 U.S.C. § 922(g)(1); *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019).
[20] Doc. 32.

- 4 -

Case No. 5:18-cr-00647
GWIN, J.

demonstrates either cause for the default and actual prejudice or that he is actually innocent.[24] To demonstrate "cause", a petitioner must show that "some objective factor external to the defense" kept him from raising the issue earlier.[25]

By failing to raise his *Rehaif* claim on direct appeal, Defendant forfeited his ability to raise it in the instant § 2255 motion. The Supreme Court issued its decision in *Rehaif* on June 21, 2019.[26] Defendant filed his notice of appeal on May 5, 2019 but did not submit his brief until September 20, 2019.[27] Defendant had an adequate opportunity to include a *Rehaif* claim. He shows no cause for his failure to include a *Rehaif* claim and he procedurally defaulted this claim.

### C. Defendant Smart's Claim Fails on the Merits.

To warrant relief under § 2255, a petitioner must demonstrate an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.[28] Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice."[29]

When a petitioner pleads guilty, the ensuing conviction "comprehend[s] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and lawful

---

[21] *See United States v. Mock*, No. 3:18-CR-136, 2019 WL 6324625, at *6 (S.D. Ohio Nov. 26, 2019), *report and recommendation adopted*, No. 3:18-CR-136, 2019 WL 6893772 (S.D. Ohio Dec. 18, 2019); *Steele v. Huggins*, No. 1:20-CV-600, 2020 WL 4933921, at *2 (S.D. Ohio Aug. 24, 2020), *report and recommendation adopted*, No. 1:20CV600, 2020 WL 5530136 (S.D. Ohio Sept. 15, 2020) ("Rehaif is not a substantive rule because it did not narrow the classes of person prohibited from possessing a firearm under § 922(g). Rather, Rehaif adopted a new rule of criminal procedure.").
[22] *United States v. Jones*, No. 3:16-CR-059, 2021 WL 325922, at *5 (S.D. Ohio Feb. 1, 2021), *report and recommendation adopted in part, rejected in part*, No. 3:16-CR-59, 2021 WL 1345621 (S.D. Ohio Apr. 12, 2021).
[23] *See id.*
[24] *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998).
[25] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).
[26] *Rehaif*, 139 S. Ct. at 2196.
[27] Doc. 20; Brief of Appellant, United States v. Smart, No. 19-3441 (6th Cir. Sept. 20, 2019).
[28] *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).
[29] *Griffin*, 330 F.3d at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

Case No. 5:18-cr-00647
GWIN, J.

sentence."[30] After *Rehaif*, courts considering § 2255 motions have declined to vacate a sentence when the defendant pled guilty to the offense.[31]

Further, Defendant Smart does not allege that he would not have pled guilty if he was aware of the additional knowledge requirement introduced by *Rehaif*. He also does not claim that he was unaware that his prior convictions prohibited him from possessing a firearm. He served a four-year prison sentence in 2006 and the instant case is his second federal conviction under 18 U.S.C. § 922(g)(1).[32]

Therefore, Defendant Smart has not demonstrated any fundamental defect which inherently resulted in a complete miscarriage of justice and relief is not warranted.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's 28 U.S.C. § 2255 motion.

IT IS SO ORDERED.

Dated: October 29, 2021   *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[30] *United States v. Broce*, 488 U.S. 563, 569 (1989).
[31] *See Malone v. United States*, No. 1:14CR438, 2019 WL 7049805, at *3 (N.D. Ohio Dec. 23, 2019) (listing cases).
[32] Doc. 15 at 5–6 (sealed).

- 6 -