UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:18-cr-00647 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Docs. 36; 38] |
| v. | : |  |
| DEMOND C. SMART, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Demond Smart requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).[1]  Defendant argues relief should be granted because of his health issues and the risks presented by the COVID-19 pandemic.  The Government opposes Smart's request.[2]

In deciding this motion, the Court must determine whether "extraordinary and compelling reasons" exist to warrant a reduction in sentence.[3]  The Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether the reduction is warranted in whole or in part under the circumstances of the case.[4]

For the following reasons, the Court **DENIES** Defendant Smart's motion for compassionate release.

I.  Background

In January 2019, Defendant Smart pled guilty to being a felon in possession of a

---

[1] Docs. 36; 36-1; 38.
[2] Docs. 39; 42 (Sealed).
[3] 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (holding federal judges have full discretion to define extraordinary and compelling).
[4] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).

Case No. 5:18-cr-00647
GWIN, J.

firearm and ammunition.[5] On April 25, 2019, this Court sentenced Smart to 76 months imprisonment and three years of supervised release.[6] The Court also revoked Smart's supervised release on two previous cases and sentenced Smart to an additional 7 months in prison, totaling 83 months imprisonment.[7] The Sixth Circuit affirmed Smart's sentence.[8]

## II. Discussion

Smart moves for compassionate release. He says that relief should be granted because of his health issues and the risks presented by the COVID-19 pandemic.[9] Smart also recounts his rehabilitative efforts while incarcerated and says he has a reliable release plan were his sentence to be reduced to a period of home confinement.[10] The Government opposes.[11]

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[12] On August 26, 2020, Smart's request for compassionate release was denied by the U.S.P. Canaan warden.[13] Smart satisfies the exhaustion requirement.

### B. Eligibility

Under the compassionate release statute, the Court may "reduce the term of imprisonment []and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

---

[5] Docs. 7; 12.
[6] Docs. 17; 18.
[7] Doc. 17 at 2.
[8] Doc. 30.
[9] Docs. 36; 36-1; 38.
[10] *Id.*
[11] Docs. 39; 42 (Sealed).
[12] 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).
[13] Doc. 39 at 2.

- 2 -

Case No. 5:18-cr-00647
GWIN, J.

imprisonment[]."[14]

To grant compassionate release, the Court must first find "extraordinary and compelling reasons" warranting a reduction in sentence.[15] The Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether the reduction is warranted in whole or in part under the circumstances of the case.[16] The Sixth Circuit has held that the Sentencing Commission's policy statement is not binding in considering compassionate release motions.[17]

### a. Extraordinary and Compelling Reasons

Defendant Smart argues that his health issues and the risks posed by the COVID-19 pandemic constitute an extraordinary and compelling reason to reduce his sentence.[18] Specifically, Smart has a history of diabetes, hypertension, and high blood pressure.[19]

Defendant Smart's health conditions and the COVID-19 risk do not constitute an extraordinary and compelling reason warranting a sentence reduction.

Smart has received two doses of the Pfizer COVID-19 vaccine.[20] The Sixth Circuit has made clear that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."[21]

---

[14] 18 U.S.C. § 3582(c)(1)(A).
[15] *Id.*; *Jones*, 980 F.3d at 1108 (holding federal judges have full discretion to define extraordinary and compelling).
[16] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).
[17] *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[18] Docs. 36; 36-1; 38.
[19] Docs. 38 at 7; 38-1; 38-2; 38-3; 38-4.
[20] Doc. 42-1 (Sealed) at 101.
[21] *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021), *aff'd*, No. 21-1209, 2021 WL 3876943 (6th Cir. Aug. 24, 2021) (noting that absent a shift in the scientific consensus regarding the efficacy of vaccines, "vaccination against COVID-19 would preclude the argument that a defendant's susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."); *United States v. White*, No. 15-CR-20040-01, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021) ("Defendant is free to renew his motion should more information emerge suggesting that the Pfizer vaccine cannot protect him from new imminent strains of COVID-19. However, at this time, the Court does not find extraordinary and compelling circumstances based on that speculation.").

Case No. 5:18-cr-00647
GWIN, J.

Further, Smart's health conditions alone, do not constitute extraordinary and compelling circumstances. His medical records indicate his conditions are chronic but stable and treated by the Bureau of Prisons.[22] This is not sufficient to warrant a reduction.[23]

### b. 18 U.S.C. § 3553(a) Factors

Once a Court has identified an extraordinary and compelling reason warranting a sentence reduction, the Court must consider any applicable 18 U.S.C. § 3553 factors and determine whether the reduction is warranted under the circumstances of the case.[24]

In this case, the Court has not identified any extraordinary and compelling reason warranting a sentence reduction. Even if it had, the § 3553 factors would weigh against granting the motion for compassionate release. Prior to this offense, Defendant Smart had multiple convictions including a felonious assault conviction with firearm and criminal gang specifications for a drive-by shooting, other firearms violations, a domestic violence conviction, and an escape conviction.[25] A sentence reduction is not warranted.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Smart's motion for compassionate release.

IT IS SO ORDERED.

Dated: June 7, 2022

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[22] Doc. 40-1 (Sealed) at 1, 16, 110-11.
[23] *United States v. Lake*, No. CR 5:16-076-DCR, 2019 WL 4143293, at *3 (E.D. Ky. Aug. 30, 2019) (finding that chronic conditions that can be managed in prison are not a sufficient basis for compassionate release).
[24] 18 U.S.C. § 3582(a); 18 U.S.C. § 3553; *Jones*, 980 F.3d at 1108 (internal quotation omitted). Such sentencing factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed" to "reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant".
[25] Doc. 15 (Sealed) at 5-7.